## HARPER MFG. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 22, 1925.)

### No. 4445.

1. **United States ⬡⟹75—Government held entitled to recover freight paid on goods sold it under contract requiring delivery f. o. b. supply office.**

In action by United States to recover freight paid on clothing manufactured for it under contract which required material to be furnished "f. o. b. delivery point, Zone Supply Office, Atlanta, Ga.," it was no defense that government's call for bids contained footnote, "The government pays all freight charges on both raw materials and finished products f. o. b. cars, place of manufacture," in view of Rev. St. §§ 3744, 3746 (Comp. St. §§ 6895, 6898), requiring written contracts, and fact that before performance defendant was advised that government would insist on contract as written.

2. **United States ⬡⟹72—One contracting with government held not entitled to reformation of contract after its performance with knowledge of provisions complained of.**

One performing contract to manufacture clothing for government, with notice that contract does not conform to call for bids in matter of freight charges, and knowing that government was insisting on contract as written, cannot thereafter, in government's suit to recover freight charges paid by it, obtain a reformation of contract.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the United States against the Harper Manufacturing Company. Judgment for the United States, and defendant brings error. Affirmed.

G. E. Maddox, of Rome, Ga. (Maddox, Matthews & Owens, of Rome, on the brief), for plaintiff in error.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. [1, 2] The United States sued to recover from the Harper Manufacturing Company freight charges amounting to $942.28, which it paid for the transportation of certain clothing manufactured for it by defendant, and which it claims was payable by defendant under a written contract which required defendant to furnish materials "f. o. b. delivery point—Zone Supply Office, Atlanta, Ga." The defense was that the contract mutually agreed upon was for delivery f. o. b. cars at Rome, Ga., and that the clause in the contract providing for deliveries at Atlanta was inserted by mutual mistake, and it was prayed that the contract be reformed, so as to express the intention of the parties.

The government ran an advertisement for bids, in response to which defendant applied to the officer in charge of the Zone Supply Depot at Atlanta, and was furnished with a printed copy of specifications, to which was attached as a rider an additional specification that contained a footnote reading as follows: "The government pays all freight charges on both raw materials and finished product f. o. b. cars, place of manufacture."

Defendant was the successful bidder, and executed the contract which was dated May 23, 1919; and on May 31 returned it to the War Department at Washington. After that was done, defendant, upon examining the contract, discovered the provision requiring it to pay freight from its factory at Rome to the Zone Supply Office of the government at Atlanta, and that the footnote upon which it now relies was not included, and on June 10 wrote a letter to the officer in charge, claiming that a mistake had been made, and requesting that orders be issued so that it would not have to pay freight, but would only have to furnish the finished product f. o. b. cars at Rome. On June 17 the government's officer replied that the conditions under which the contract was awarded were that the government would furnish material at its Zone Supply Office and receive the finished product at the same place. The request for modification was declined. It was not until after this correspondence was had that defendant proceeded under the contract. The district judge held the defense insufficient, and directed a verdict for plaintiff.

Under Revised Statutes, § 3744 (Comp. St. § 6895), every contract entered into by the War Department is required to be in writing, and section 3746 (Comp. St. § 6898) makes it unlawful for contracting officers to make contracts in any other way. It follows that the only contract entered into between the parties was the written con-

tract upon which suit was brought. Clark v. United States, 95 U. S. 539, 24 L. Ed. 518. Defendant, upon being advised that the government would insist upon its contract as written, should then have proceeded to have it reformed. It could not wait until the contract was performed, and then seek a reformation.

The evidence discloses that defendant had full opportunity to read the contract and understand its provisions, and it does not appear that the mistake insisted upon was mutual.

The judgment is affirmed.